**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**

**MERKURI STANBACK,**

         **Defendant**

NO. 5: 08-CR-73 (HL)

**VIOLATIONS: Bank Robbery Related**

## ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a DETENTION HEARING was this day held in the above-captioned case before the undersigned. The defendant was represented by Mr. Scott Candler Huggins of the Macon Bar; the United States was represented by Assistant U. S. Attorney Michael T. Solis. Based upon the evidence presented and proffered to the court, as well as the contents of the Pretrial Services Report dated December 22, 2008, I conclude that the following facts require the detention of the defendant pending the trial of this case.

### PART I - FINDINGS OF FACT

☒ (1) There is PROBABLE CAUSE to believe that the defendant has committed an offense

    ☐ for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.

    ☒ under 18 U.S.C. §924(c).

☒ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

#### ALTERNATIVE FINDINGS

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### PART II - WRITTEN STATEMENT OF REASONS FOR DETENTION

Applying the factors set forth in 18 U.S.C. §3142(g), I find that the evidence presented and proffered at the DETENTION HEARING, as supplemented by information contained in the Pretrial Services Report of the U. S. Probation Office dated December 22, 2008, establishes by clear and convincing evidence (independent of the above presumption) that no condition or combination of conditions set forth in 18 U.S.C. §3142(c) will reasonably assure the safety of the community and defendant Stanback's future appearances in court were he to be released from custody at this time. Although defendant Stanback has strong family and employment ties to the Middle District of Georgia, the offenses charged against him are serious felonies for which long-term incarceration can be expected if he is convicted. His estimated federal sentencing guideline range computed by the U. S. Probation Office is 77 months to 96 months to be served in prison, with an additional 84 consecutive months mandated upon conviction of BRANDISHING A FIREARM DURING A CRIME OF VIOLENCE. Evidence presented at the Detention Hearing established that defendants Stanback and Davis were active participants along with co-defendant Frederick Clay in the armed robbery charged in the indictment and that the lives of credit union employees and two customers were endangered by this defendant and his co-defendants. Threats to kill were made by the robbers.

Evidence obtained from a search of the place of residence of defendants Stanback and Davis included $140,000 cash with red dye stains (identified as part of the robbery proceeds), white zip ties of the type used by the robbers in tying up the credit union employees and customers, black trash bags similar to bags in which the robbers placed the cash taken from the credit union, a stun gun, two pistols, ski masks, and a gray shirt of the type worn by defendant Carmilla Davis. Both defendants Stanback and Davis fled the Macon area shortly after the robbery, going first to Jonesboro, Georgia and then to Pensacola, Florida where they were taken into custody.

Defendant Stanback appears to have had only one prior felony conviction, to-wit: THEFT BY RECEIVING STOLEN PROPERTY, 1999, Superior Court of Twiggs County, Georgia. However, he is currently charged with OBSTRUCTION OF AN OFFICER based on an allegation that while incarcerated in the Bibb County Law Enforcement Center on the bank robbery related charges, defendant Stanback knocked an officer to the ground and struck the officer in the face with his hands

For the foregoing reasons, the undersigned finds that defendant Stanback would pose a serious danger to the community and a serious risk of flight were he to be released from custody. The undersigned finds that his behavior in carrying out the armed robbery is indicative of his future behavior. Pretrial detention is thus mandated. IT IS SO ORDERED AND DIRECTED.

## PART III - DIRECTIONS REGARDING DETENTION

The defendant is hereby committed to the custody of the Attorney General of the United States or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, this 12th day of JANUARY, 2009.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE